UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE HUTCHINSON,

       Plaintiff,

v.

Case No. 1:05-cv-825
Hon. Gordon J. Quist

JOHN S. RUBITSCHUN, et al.,

       Defendants.

                              /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state parolee prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(b) (docket no. 16).

      **I.**      **Background**

      **A.**      **Plaintiff's allegations**

Plaintiff's claims are based upon the following facts as alleged in his complaint. On October 1, 1992, a jury convicted him of two counts of larceny from a motor vehicle, one count of breaking and entering a motor vehicle, an three counts of being a habitual offender (2nd). Compl. at ¶ 9. He was sentenced to three concurrent prison terms of 3 to 7 1/2 years. *Id.* On February 4, 1995, plaintiff pled guilty to the charge of attempted third degree criminal sexual conduct, for which he received a sentence of 2 to 5 years, to be served consecutive to the 1992 convictions. *Id.* Plaintiff states that this conviction is the basis for the majority of his parole conditions. *Id.* Records indicate that plaintiff had sexual intercourse with a 13-year-old girl. *See* case summary report

attached to complaint as Exh. D. Then, on March 9, 2000, plaintiff pled guilty to the charge of fleeing a police officer and was sentenced to a prison term of 20 months to 5 years. Complaint at ¶ 11. On May 27, 2005, plaintiff received a notice that the Parole Board granted his release on parole with a release date of December 6, 2005. *Id.* at ¶ 12. His parole included a number of standard parole conditions and special parole conditions. *Id.*

### B.    Plaintiff's claims

Plaintiff's complaint contains three counts. In Count I, plaintiff claims that defendants denied him due process under both the Fifth Amendment and Article 6, § 28 of the Michigan Constitution. Plaintiff contends that these constitutional violations arise because "[defendants] have no procedure in place to challenge the legality of the assignment of parole conditions, nor does the Michigan Judicial System have any avenue of appeal in place to challenge the actions of the [officers] of a State Administrative Agency." *Id.* at ¶ 18.

In Count II, plaintiff claims that Special Condition of Parole 5.1 ("Special Condition 5.1") violates his due process rights. Special Condition 5.1 reads as follows: "You must not drive a motor vehicle." Plaintiff contends that this special condition infringes upon his constitutional right to travel and violates Michigan law, under which the Secretary of State has the exclusive power to issue a license to drive. Plaintiff further states that he "is authorized by law to obtain a valid drivers license and to drive in the State of Michigan pursuant to his plea agreement in which he agreed to a one year license suspension as part of his sentence." Plaintiff contends that Special Condition 5.1 is an arbitrary and unlawful action of state administrative agency that violates his due process rights.

Finally, in Count III, plaintiff claims that the conditions of parole violate his First Amendment rights. Plaintiff contends that standard conditions of parole are ultra vires, because they

are not tailored to the individual parolee nor bear any relationship between the parolee's prior conduct and future capabilities.  In addition, plaintiff contends that Special Conditions 1.0, 1.9 and 1.12 violate his First Amendment right to association.  These Special Conditions read as follows:

> Special Condition 1.0.   You must not have any verbal, written, electronic, or physical contact with any child age 16 or under, or attempt to do so, either directly or through another person.
>
> Special Condition 1.9.   You must not possess or use any photographic equipment or photographic development equipment.
>
> Special Condition 1.12.  You must not own, possess, or use any computer or any device capable of connecting to the Internet either directly or indirectly through a third party provider or reside in any residence in which these are present, without first getting written permission.

In his request for relief, plaintiff seeks to enjoin defendants from assigning and enforcing these alleged unconstitutional conditions of parole.

### C. Defendants

Plaintiff has named three defendants in his complaint: John S. Rubitschun (chairman of the Michigan Parole Board), and Charles E. Braddock and Stephen DeBoer (members of the Michigan Parole Board).  Although plaintiff has sued each defendant in his official capacity as a Michigan Parole Board ("Parole Board") member and as individuals, his claims are directed against defendants in their official capacity only.  Plaintiff's complaint contests Parole Board policy and procedure as opposed to the individual actions of the three defendants.  In addition, plaintiff's requested relief relates solely to the standard and special parole conditions set by the Parole Board. "When suit is commenced against state officials, even if they are named and served as individuals, the State itself will have a continuing interest in the ligation whenever state policies or procedures

are at stake." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).  Accordingly, the court concludes that plaintiff's claims are directed at each defendant in his official capacity as a Parole Board member.

### D. Plaintiff's subsequent incarceration

Approximately seven months after filing his complaint, plaintiff informed the court that he was in the Hillsdale County Jail awaiting transfer to the Michigan Department of Corrections (MDOC).  *See* docket no. 23 (letter dated July 31, 2006).  While plaintiff provided the court with a "Notice of Parole Violation Charges" listing seven parole violations, he has not provided the court with a copy of an order establishing his guilt or innocence regarding the violations.  *See* docket no. 24.  Nevertheless, it appears that plaintiff's parole has been revoked.  MDOC records indicate that he is currently incarcerated at the Ojibway Correctional Facility.  *See* MDOC Offender Search, www.state.mi.us/mdoc.

### II. Plaintiff's complaint is improper

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);  *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's suit seeks declaratory and injunctive relief to remove certain parole conditions as unconstitutional restraints on his liberty.  At the time he filed suit, plaintiff was a

4

parolee in the custody of the MDOC. *See Jones v. Cunningham*, 371 U.S. 236 (1963); *DePompei v. Ohio Adult Parole Authority*, 999 F.2d 138, 140 (6th Cir. 1993); *Jones v. Department of Corrections*, 468 Mich. 646, 652, 664 N.W.2d 717 (2003) (a paroled prisoner remains in the legal custody and under the control of the MDOC pursuant to M.C.L. § 791.238(1)). Plaintiff's challenge of his parole conditions are tantamount to a challenge of his confinement. It is well-established that a writ of habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Accordingly, plaintiff's sole remedy to challenge the nature of his confinement is by filing a writ of habeas corpus.

In making this determination, the court adopts the reasoning as set forth in *Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003), in which the court characterized the conditions of parole as establishing the "perimeters" of confinement:

> For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Attacks on the fact or duration of the confinement come under § 2254. *Id.*; *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir.2000) (per curiam). For parolees, the question is more metaphysical, because the "conditions" of parole are the confinement. Requirements that parolees stay in touch with their parole officer, hold down a job, steer clear of criminals, or (as in Williams's case) obtain permission for any proposed travel outside the jurisdiction, are what distinguish parole from freedom. It is because of these restrictions that parolees remain "in custody" on their unexpired sentences and thus may initiate a collateral attack while on parole. *See Jones v. Cunningham*, 371 U.S. 236, 242-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam).
>
> Here Williams wants relief from one of the restrictions imposed by his parole-a ban on international travel. This court in *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir.1977), confronted a similar request when an Indiana probationer brought a § 1983 action challenging eight restrictions of her probation. Among other

> things, the probationer could not get a roommate, leave the house at night, change jobs, accept gifts, visit her ex-husband or his parents, act so as "to cause anyone to question that she is violating the law," or skip church. *Id.* at 1223-24.
>
> We concluded that the probationer's contentions should have been presented in a collateral attack. The court explained that the challenged restrictions "define the perimeters of her confinement." *Id.* at 1224. Thus, eliminating or changing one of the restrictions would alter the confinement: "figuratively speaking, one of the 'bars' would be removed from [the probationer's] cell." *Id.* at 1225; *see also Clark v. Prichard*, 812 F.2d 991, 997-99 (5th Cir.1987) (concurring opinion) (same result for a probationer who was required to work in lieu of collecting welfare benefits).

*Williams*, 336 F.3d at 579-80.

Furthermore, as mentioned above, plaintiff's parole was revoked within months after he filed the complaint and he is currently an inmate at the Ojibway Correctional Facility. The court notes that this is not plaintiff's first attempt to challenge the constitutionality of his parole conditions as part of a civil rights suit. In *Archie Hutchinson v. Michigan Department of Corrections et al.*, No. 2:03-cv-169 (Quist, J.) ("*Hutchinson I*"), plaintiff brought a § 1983 action against the MDOC, a parole agent and others. In *Hutchinson I*, plaintiff alleged that his parole was improperly revoked for having contact with his then fiancee (violating standard condition no. 6 that he not associate with a known felon) and that his continued incarceration was preventing him from having contact with his infant daughter. Plaintiff alleged that parole condition no. 6 violated "a parolee's First Amendment Guarantee of Freedom of intimate association." *Hutchinson*, No. 2:03-cv-169 (Compl. at ¶ 6). The court dismissed plaintiff's complaint because it was an unexhausted habeas claim improperly filed as a civil rights action. *Id.* (Opinion and Judgment, 10/14/2003).

As the court noted in *Hutchinson I*, plaintiff's complaint should be dismissed for failure to exhaust his available state remedies:

> A petitioner in a habeas corpus proceeding is required to exhaust any available state remedies, except when, under the circumstances, such process would

6

>not effectively protect the right of prisoners. 28 U.S.C. § 2254(b) and (c). There is no exhaustion of available state remedies until the specific issues to be presented to this Court have been presented to the state courts. *Picard v. Conner*, 404 U.S. 270, 9 S. Ct. 509 (1971); *Albertson v. Johnson*, 440 F.2d 1201(6th Cir. 1971). Moreover, it is the petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Court has the authority to dismiss a petition for writ of habeas corpus if the petition contains unexhausted claims where state remedies remain available. *See Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982). The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). Alternatively, if Plaintiff Hutchinson is now foreclosed from pursuing whatever state remedies may have been available, he must "show cause and prejudice" or a miscarriage of justice excusing his procedural default in order to obtain habeas corpus review.
>
>In the instant action, because the issues are presented in the context of a civil rights action, the undersigned is unable to determine from the materials filed by Plaintiff Hutchinson whether he has satisfied the exhaustion requirement.

*Hutchinson I* (Opinion 10/14/03) (footnote omitted).

Accordingly, plaintiff's civil rights complaint should be dismissed as an unexhausted claim for federal habeas relief.

### III.    Plaintiff has no constitutional right to demand parole on conditions of his choice.

In the alternative, defendants' motion for summary judgment should be granted because plaintiff's complaint fails to state a cause of action. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

>The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of

> production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

In his complaint, plaintiff alleges that he "was induced to sign the aforementioned conditions of parole under duress, threat or coercion upon his release from confinement as refusal to sign the agreement would result in a revocation of the parole order." Compl. at ¶ 13. Plaintiff's complaint assumes that he had the right to parole regardless of the conditions set by the Parole Board. This is not the case. Plaintiff had neither an inherent constitutional right to parole nor a protected liberty interest created by state parole laws. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979); *Bullock v. McGinnis*, 5 Fed. Appx. 340, 342 (6th Cir. 2001); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc). "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11.

The governing Michigan statute, M.C.L. § 791.234(2) provides that a prisoner shall not be released until his minimum term of imprisonment has been served. *Howard v. Michigan Department of Corrections*, No. 4:06-cv-114, 2006 WL 3257034 at *1 (W.D. Mich. Nov. 9, 2006). "Although the statute requires that the Parole Board consult guidelines, release is not required in any circumstance." *Id. See, e.g.*, *See Sparks v. Hickmon*, No. 92-1544, 1992 WL 303272 (6th Cir. Oct. 21, 1992) (where revocation of parole was not at issue, court relied on *Greenholtz* to find that

prisoner's claims challenging the conditions of his past parole failed to rise to a level of constitutional magnitude).

Plaintiff has failed to state a claim that defendants' actions violated his federal constitutional rights. Accordingly, defendants are entitled to summary judgment.[1]

## IV. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED** as an unexhausted habeas petition. In the alternative, I respectfully recommend that defendants' motion for summary judgment (docket no. 16) be **GRANTED**, and the action **DISMISSED.**


Dated: January 17, 2007      /s/ Hugh W. Brenneman, Jr.
                             Hugh W. Brenneman, Jr.
                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] The court views plaintiff's constitutional challenges to the Parole Board's grant of parole as a separate issue from plaintiff's due process right to challenge revocation of his parole.